CAROLINE J. WILSON ET AL., PLAINTIFFS, v. HORACE MASON ET AL., DEFENDANTS.

Submitted May 17, 1929—Decided September 19, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiffs, *Palmer & Cooper*.

For the defendants, *Kalisch & Kalisch*.

The opinion of the court was delivered by

BLACK, J. This was an accident case—a collision between two automobiles—brought to recover damages for personal

injuries. The collision occurred on April 30th, 1927. The plaintiff Joseph Le Lerre the owner and driver of an auto- bile, while turning around on Washington avenue in the town of Nutley, was struck by the defendant Horace Mason driving a Nash sedan car in a northerly direction on Washington ave- nue, causing the injuries to the plaintiffs complained of. Negligence in the complaint and in the counter-claim is charged against both parties. The trial resulted in verdicts for the plaintiffs and against both defendants. The defend- ants obtained a rule to show cause and the defendant Henry J. Mason writes down two reasons for a new trial. First: Error by the trial court in refusing to direct a verdict in favor of the defendant Henry J. Mason on the ground that Horace Mason was not his agent, at the time of the accident. The defendants are father and son.

Second: The verdict of the jury was against the great weight of the evidence, on the question of agency, as between the defendants. The rule to show cause being limited to the question of agency of the son, Horace Mason, by a written stipulation only such testimony, as relates to the agency of the defendant and son, Horace Mason, is submitted to the court for decision and the reasons assigned for a new trial under the rule. As stated, the two defendants are father and son. Horace Mason, the son, was driving the Nash sedan car at the time of the accident; Henry J. Mason, the father, was the owner of the car.

The dominant facts on the point of agency are not in dis- pute and they are to the effect that the defendant Henry J. Mason, the father, was the owner of the Nash sedan car being driven by his son, the defendant Horace Mason. The son had asked the father to allow him to use the car to go to church and to confession, on the night of the accident. After confession, the son took a drive with two friends going north from the church and north from the homes of all the parties concerned. It was while on this drive that the collision oc- curred causing the injuries of the plaintiffs. As stated, there is no conflict in the testimony on this point. It pre- sents a question of law. The test for liability of the master

542

requires that it should appear, that the service performed was for the benefit of both master and servant. *Eldridge* v. *Calhoun*, 95 *N. J. L.* 168. The plaintiffs' case, as against the defendant and father, Henry J. Mason, does not meet this test. A recent case in the Court of Errors and Appeals directly in point and which is controlling on this court is that of *Shefts* v. *Free, post, p.* 577; that was also a case of father and son, and is based upon the case of *Okin* v. *Essex Sales Co.,* 103 *N. J. L.* 217; *affirmed,* 104 *Id.* 181, which is also in point.

*Jennings* v. *Okin,* 88 *N. J. L.* 659, turned upon the question of evidence. It is distinguished on the facts from such cases as *Dunne* v. *Hely,* 104 *Id.* 84.

The rule to show cause is made absolute as to the defendant Henry J. Mason and discharged as to the defendant Horace Mason.